## In re STATE COMMISSION IN LUNACY.

## In re BOARD OF COM'RS OF CHARITIES AND CORRECTION OF KINGS COUNTY.

(Supreme Court, General Term, Second Department. March 6, 1894.)

APPEALABLE ORDERS—ORDER OF COMMISSION IN LUNACY.

The statute authorizing the state commission in lunacy to make certain orders, and providing that, "before such order is issued, it must be approved by justice of the supreme court," does not make an order of the commission so approved an order of court, and therefore the refusal of the judge to revoke his approval is not appealable.

Appeal from special term, Kings county.

Application by the board of commissioners of charities and correction of Kings county for order vacating the approval of an order made by the state commission in lunacy, and directed to petitioner. From an order denying the motion, petitioner appeals. Dismissed.

Argued before BROWN, P. J., and DYKMAN and PRATT, JJ.

John A. Quintard, for appellant.
S. W. Rosendale, Atty. Gen., for respondent.

BROWN, P. J. There is no authority for this appeal, and it must be dismissed. Appeals lie to the general term from an order made in an action or special proceeding, in the cases specified in the Code. Code Civ. Proc. §§ 1347, 1348, 1356. This is neither an action nor special proceeding. Id. 3333, 3334. It is not prosecuted for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public officer. It was instituted by the service of a notice of motion, and its purpose was to secure from Mr. Justice CULLEN the revocation of an approval theretofore given by him to an order of the state commission in lunacy. The statute authorizes the issuing of an order by the commission in the cases therein enumerated, and provides that "before such order is issued it must be approved by a justice of the supreme court." The order derives its efficacy from the approval of the justice, but it does not thereby cease to be an order of the commission in lunacy, and it does not become an order of

the court. No authority is given in the statute for an appeal from such an order to the supreme court, and none exists. It is very clear that, if a justice of the supreme court refuses to approve of the order, no appeal lies from such refusal to the general term. Application may be made to other justices, but no appeal can be taken to this court if all refuse. If the order refusing approval should be reversed, the order of the commission in lunacy would derive its efficacy from the approval of the general term,—a thing that is not contemplated by the statute. It is equally clear, I think, that, when the order is approved, it is valid until the approval is revoked, but, if the justice refuses to annul his approval, no appeal lies from such refusal. No such power is given to the general term by the statute; and the effect of a reversal of the order would be to annul the action of the commission, although it had the approval of the very officer named in the statute. The supreme court is not a general arbiter of all disputes and controversies between parties. It can act only under the forms of law, and authority for its order must be found in the laws of the state. The general jurisdiction in law and equity given to it by the constitution must be exercised in an action, and, to give validity to matters in which its orders are sought in other forms and proceedings, statutory authority must exist for its action. We have not been referred to any law which gives to the court supervision over the orders of the commission in lunacy, and a careful search has failed to find any. It is not intended to decide that a justice of the court who approves an order of the commission may not subsequently annul or revoke that approval. We express no opinion upon that question. But, assuming he has such power, his refusal to revoke his approval is not appealable to this court. The appeal is dismissed. All concur.